UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV 14-593 JLS (CWx)                               Date:  May 9, 2014
Title:  Luis Salas v. The Wendy's Co., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                          N/A
    Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                           Not Present

**PROCEEDINGS:**  (IN CHAMBERS)  ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT, CASE NO. RIC1401054

     Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so sua sponte.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to Riverside County Superior Court.

**I.**    **Background**

     Plaintiff Luis Salas filed this action in Riverside County Superior Court against Defendants Wendy's International, LLC (erroneously sued as The Wendy's Co.) and Esperanza Avila asserting state-law claims for (1) discrimination based on age; (2) disability discrimination; (3) harassment; (4) retaliation; (5) failure to engage in interactive process; (6) failure to prevent discrimination and harassment; (7) failure to accommodate; (8) wrongful termination; and (9) termination in violation of public policy. (Notice Ex. A ("Compl.") at 6-20, Doc. 1.)  Claims one through eight are brought under California's Fair Employment and Housing Act ("FEHA"), and only claim three is asserted against Avila.  (*Id*.)
     According to the Complaint, the Department of Fair Employment and Housing issued Plaintiff a right to sue letter on February 4, 2013.  (*Id.* ¶ 30.  *See also* RJN Ex. 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 14-593 JLS (CWx)                                               Date:  May 9, 2014
Title:  Luis Salas v. The Wendy's Co., et al.

(right to sue letter dated February 4, 2013), Doc. 13-1.)  The Complaint is stamped as filed on February 5, 2014.  (Compl.)

On March 26, 2014, Wendy's International removed the action to this Court asserting diversity jurisdiction.  (Notice.)  In the Notice, Wendy's International contends that Plaintiff is a citizen of California and Wendy's International is a citizen of Delaware and Ohio.  (Notice ¶¶ 9-10.)  Plaintiff alleges that Avila is also a California resident.  (Compl. ¶ 3.)  Wendy's International, however, asserts in its Notice that Avila is a sham defendant because Plaintiff's FEHA claim against her is time barred under California Government Code § 12965(d).  (Notice ¶¶ 15-21.)  Specifically, Wendy's International claims that the Complaint was filed one day after the expiration of § 12965(d)'s one year time limit to file a FEHA claim after a right to sue letter is issued.  (*Id.*)

On April 2, 2014, Wendy's International filed a Motion to Dismiss, arguing that claims one through eight of the Complaint are time barred.  (Mot., Doc. 9.)  Plaintiff filed an Opposition, and Wendy's International replied.  (Opp'n, Doc. 18; Reply, Doc. 19.)

## II.     Legal Standard

When reviewing a notice of removal, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (quotation marks omitted) (alterations in original).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*  To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 14-593 JLS (CWx)                                                           Date:  May 9, 2014

Title:  Luis Salas v. The Wendy's Co., et al.

### III.     Discussion

Here, assuming Avila is a proper defendant, the Court lacks diversity jurisdiction over this matter because Plaintiff and Avila are both California residents.  (*See* Compl. ¶¶ 1, 3.)  Wendy's International asserts that Avila is a sham defendant because Plaintiff's sole claim against her is time barred.  (Notice ¶¶ 15-20.)  Because the parties have fully briefed this issue in connection with Wendy's International's Motion to Dismiss, the Court requires no further briefing in order to decide whether Avila is a fraudulently joined sham defendant.

A non-diverse defendant is deemed fraudulent, and her presence disregarded for purposes of diversity jurisdiction, where "the plaintiff fails to state a cause of action against [the] . . . defendant, and the failure is obvious according to the settled rules of the state."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  A statute of limitations defense is a permissible means to establish fraudulent joinder.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998).  A defendant, however, bears the "heavy burden" of establishing fraudulent joinder.  *Hunter*, 582 F.3d at 1046. "Fraudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  "The standard is not whether plaintiff[] will actually or even probably prevail on the merits, but whether there is a *possibility* that [he] may do so."  *Rico v. Jones Lang LaSalle Americas, Inc.*, No. CV 14-1322-GHK JEMX, 2014 WL 1512190, *2 (C.D. Cal. Apr. 16, 2014) (quotation marks omitted) (emphasis added).

In a declaration submitted in support of Plaintiff's Opposition to the Motion to Dismiss, Plaintiff's counsel states that she submitted the Complaint to the state court by facsimile at 2:35 p.m. on February 4, 2014.  (Cohen Decl. ¶ 3, Doc. 18-1.)[1]  The fax

---

[1] Wendy's International contends that the Court should disregard or strike this declaration because extrinsic evidence cannot be considered in evaluating a motion to dismiss.  (*See* Reply at 1; Objcts., Doc. 19-1.)  The Court may, however, consider such evidence when determining whether removal was proper because a non-diverse defendant was fraudulently joined.  *See Ritchey*, 139 F.3d at 1318 (stating that a court may go "somewhat further" than plaintiff's pleadings in determining whether, for purposes of removal, a defendant was fraudulently joined); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (considering summary-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 14-593 JLS (CWx)                         Date:  May 9, 2014
Title:  Luis Salas v. The Wendy's Co., et al.

confirmation sheet submitted by Plaintiff indicates that the fax was received on "02/04" at "2:23." (Cohen Decl. Ex. E.)[2]  On February 5, 2014, the state court emailed Plaintiff's counsel stating that page three of the complaint was incomplete, and requesting that Plaintiff resubmit the entire fax for processing. (Cohen Decl. Ex. B.) The resubmitted Complaint was stamped as having been filed on February 5, 2014. (*See* Compl.)

This evidence gives Plaintiff ample grounds to argue that his claim against Avila is not time barred. Under California Rule of Court 1.20(a), "[u]nless otherwise provided, a document is deemed filed on the date it is received by the court clerk."[3]  Plaintiff could, therefore, credibly argue in state court that his FEHA claim against Avila is timely because his Complaint was received by the clerk's office on February 4, 2014. Further, where a document transmitted to the court by fax is "not filed with the court because of (1) an error in the transmission of the document to the court that was unknown to the sending party or (2) a failure to process the document after it has been received by the court, the sending party may move the court for an order filing the document nunc pro tunc." Cal. R. Ct. 2.304(d). In its Reply to the Motion to Dismiss, Wendy's International argues that Plaintiff should have sought a nunc pro tunc order correcting the filing date before the case was removed. (Reply at 5.) There is no reason, however, that Plaintiff

---

judgment-type evidence in resolving whether removal was proper because a defendant was fraudulently joined). For purposes of this Order, Wendy's International's request to strike is denied, and its objections to the admission of extrinsic evidence are overruled. To the extent the Court has relied upon the Cohen Declaration and the documents attached to it, Wendy's International's remaining evidentiary objections (Objcts. at 2-9) are also overruled. The statements and documents the Court has relied upon in this Order are relevant to the issue of fraudulent joinder, and the Court has not relied on them to the extent they state legal conclusions. Further, the Cohen Declaration sufficiently authenticates and lays a foundation for the admission of those documents the Court has relied upon.

[2] Wendy's International contends that other records of the fax transmission show that the Complaint was filed after court hours at 9:44 p.m. on February 4, 2014. (Mot. at 2. *See also* RJN Ex. 3.) The Court need not resolve this factual dispute in determining whether Avila is a sham defendant. Plaintiff's evidence indicates that it is at least possible that the fax was sent and received during Court hours.

[3] Moreover, Plaintiff contends that the third page of his fax was a cover sheet. (Cohen Decl. ¶ 7, Ex. C.) Where a party's filing is submitted with an incomplete cover sheet, "the clerk of court *must* file the paper." Cal. R. Ct. 3.220(a) (emphasis added).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  EDCV 14-593 JLS (CWx) | Date:  May 9, 2014 |
| Title:  Luis Salas v. The Wendy's Co., et al. | |

was required to do so before Wendy's International removed the case.  As long as there is a possibility that Plaintiff could proceed against Avila in state court by seeking a nunc pro tunc order, Avila is not a sham defendant.  Rule 2.304 of the California Rules of Court affords Plaintiff such an opportunity.

Because there is, at the very least, a possibility that Plaintiff will be able to proceed against Avila in state court, Avila is not a sham defendant and complete diversity was lacking at the time of removal.

## IV.    Conclusion

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Riverside County Superior Court, Case Number RIC1401054.

Initials of Preparer:  tg